**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE,**

            **Plaintiff,**

**-vs-**                                            **Case No. 6:09-cv-77-Orl-28DAB**

**LLOYD A. STORY; THE UNKNOWN
SPOUSE OF LLOYD A. STORY; ANY
AND ALL UNKNOWN PARTIES, etc.,**

            **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the Court's review of the file and identification of a lack of federal subject matter jurisdiction in the case.

      On February 27, 2008, Plaintiff U.S. Bank National Association as Trustee ("the Bank") filed a foreclosure action in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida against Defendants Lloyd A. Story and his spouse, Sarah K. Lovejoy-Story ("the Storys"). According to the Notice of Removal (Doc. No. 1), the Storys, proceeding *pro se*, removed the state foreclosure action on January 12, 2009. Doc. Nos. 1, 2. The Storys alleged that the matter was removed on the basis of 28 U.S.C. § 1446(d), which is the statute that governs the *procedure* for removal; it cannot be the basis for the removal.

      The Bank's two-count Complaint stated no federal cause of action – it alleged only a state foreclosure claim[1] against the Defendants, the Storys; therefore, the foreclosure claim was not

---

[1] The other count was for a "lost mortgage note," pursuant to Fla. Stat. § 673.3091. Doc. No. 2 at 3.

removable by the Storys under the well-pleaded complaint rule. Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The decision whether a claim arises under federal law for purposes of § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith*, 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

The removal statute provides that a diversity action brought under 28 U.S.C. § 1332 is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, the Storys are citizens of Florida, residing in Orlando. Doc. No. 2. As such, the action is not ordinarily removable. *See Goff v. Michelin Tire Corp.,* 837 F.Supp. 1143 (M.D. Ala. 1993) (sua sponte remanding case for lack of jurisdiction where, *inter alia*, one defendant was resident of state). In addition to the jurisdictional issues raised, it also appears that removal was untimely[2] and is not joined by any other Defendants, described as "Tenants #1 through #4."

Based on the lack of any cognizable basis for removal on the face of the Notice of Removal, the Court ordered Defendants Lloyd A. Story and Sarah K. Lovejoy-Story on January 13, 2009 to

---

[2]It appears that the Storys were given notice by publication on April 19, 2008 after repeated attempts for personal service failed. *See* Doc. No. 1-2 at 3.

show cause why the case should not be remanded to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida and why they should not be required to pay costs and attorney fees incurred as a result of the improvident removal pursuant to 28 U.S.C. § 1447. As the party filing suit in federal court, the Storys had the burden of proving that federal jurisdiction exists.

In their Response, the Storys stated under the section they title "Jurisdiction" that "the party of right has the power to name the jurisdiction of the court case. I name the Federal Courts as the jurisdiction." Doc. No. 4 at 1. A party cannot "name" jurisdiction; it must be based on a federal statute or law governing Plaintiff's claims for relief. No federal statute grants federal jurisdiction over state foreclosure claims. Jurisdiction also cannot be based on the fact that Plaintiff Bank is a national bank organized under federal law, as the Storys contend. The Storys also argue that a "fraud is being perpetuated" because counsel representing the Bank "has not provided any proof or sworn statement that he has been hired by the purported Plaintiff" or he is "wasting the tax payers trust funds." Doc. No. 4 at 2. These claims are nonsensical and cannot be the basis for federal court jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that the case be remanded to state court and the costs and fees (if any) of the improvident removal be assessed against the Storys.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy
Defendants Lloyd A. Story and Sarah K. Lovejoy-Story